J-S94038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARLON HURDLE | |
| Appellant | No. 959 MDA 2016 |

Appeal from the PCRA Order May 11, 2016
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0003270-1994

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 10, 2017**

Appellant, Marlon Hurdle, appeals from the order entered in the Lancaster County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant argues he is entitled to relief pursuant to the United States Supreme Court's decisions in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) and **Miller v. Alabama**, 132 S. Ct. 2455 (2012). Appellant's counsel has filed a motion to withdraw and a **Turner**/**Finley**[2] "no merit" letter in this Court. We affirm and grant counsel's motion to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On May 16, 1995, a jury convicted Appellant of two counts of first-degree murder[3] for offenses that Appellant committed when he was twenty years old. The trial court sentenced Appellant on May 18, 1995,[4] to two consecutive terms of life imprisonment without the possibility of parole. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Hurdle*, 685 A.2d 209 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 694 A.2d 620 (Pa. 1997).

Appellant filed his first PCRA petition *pro se* on August 19, 2011. The PCRA court appointed counsel and subsequently dismissed Appellant's petition as untimely. This Court affirmed, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Hurdle*, 68 A.3d 355 (Pa. Super.) (unpublished memorandum), *appeal denied*, 69 A.3d 601 (Pa. 2013).

Appellant filed his current PCRA petition *pro se* on March 23, 2016, pursuant to the prisoner mailbox rule.[5] On April 13, 2016, the PCRA court

---

[3] 18 Pa.C.S. § 2502(a).

[4] There is some discrepancy in the record as to when the court imposed Appellant's sentence. The sentencing transcript is dated May 18, 1995, whereas the court's sentencing order is dated May 19, 1995. Furthermore, the docket lists both dates for sentencing. Nevertheless, the difference of one day is irrelevant and does not alter our disposition.

[5] *See generally Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

issued notice of its intent to dismiss Appellant's petition without a hearing in accordance with Pa.R.Crim.P. 907. Appellant responded *pro se*, and the PCRA court dismissed Appellant's petition on May 11, 2016. Appellant timely filed a *pro se* notice of appeal on June 8, 2016, pursuant to the prisoner mailbox rule. On June 21, 2016, the PCRA court appointed counsel to represent Appellant on appeal, and ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied on August 1, 2016. Thereafter, counsel filed in this Court a motion to withdraw and a **Turner**/**Finley** "no merit" letter on November 1, 2016. Appellant has not filed any additional *pro se* or counseled brief.

As a preliminary matter, we must address counsel's motion to withdraw. "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of **Turner**/**Finley**." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (citation omitted).

> [C]ounsel must . . . submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). Counsel must also send the petitioner a copy of the "no-merit" letter and the

motion to withdraw, and advise the petitioner of his right to proceed *pro se* or with new counsel. ***Id.***

Instantly, counsel filed a ***Turner***/***Finley*** "no-merit" letter on appeal and a separate motion to withdraw as counsel. Counsel's letter informed Appellant of counsel's intent to withdraw, advised Appellant of his right to proceed *pro se* or with private counsel, and indicated that counsel enclosed a copy of the motion to withdraw. Counsel also discussed the ***Montgomery***/***Miller*** issue Appellant wished to raise and explained why the issue merits no relief. Thus, counsel has complied with the ***Turner***/***Finley*** requirements. ***See Wrecks***, 931 A.2d at 721. Accordingly, we proceed to an independent evaluation. ***See Commonwealth v. Widgins***, 29 A.3d 816, 819-20 (Pa. Super. 2011) (stating court must conduct an independent review and agree with counsel that the issues raised were meritless).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

- 4 -

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Appellant filed his current petition *pro se* on March 23, 2016, and alleged that his two consecutive sentences of life without parole were unconstitutional pursuant to ***Miller***, which was decided on June 25, 2012. On January 25, 2016, the United States Supreme Court issued its decision in ***Montgomery*** and held, "***Miller*** announced a substantive rule of

constitutional law. Like other substantive rules, *Miller* is retroactive[.]" *Montgomery*, 136 S. Ct. at 734. Thereafter, this Court issued its decision in *Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016), and held the decision in *Montgomery* renders *Miller* retroactive "effective as of the date of the *Miller* decision." *Secreti*, 134 A.3d at 82. Therefore, pursuant to this Court's decision in *Secreti*, Appellant timely filed his current petition within sixty days of *Montgomery*, which placed him within the purview of *Miller*. *See id.*; *Copenhefer*, 941 A.2d at 648. Nevertheless, Appellant was twenty years old at the time he committed the offenses and, thus, is not entitled to relief. *See Miller*, 132 S. Ct. at 2464 (holding mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional). Thus, after conducting an independent review, we agree with counsel that Appellant's issue has no merit. *See Widgins*, 29 A.3d at 819-20. Accordingly, we grant counsel's motion to withdraw and affirm the PCRA court's order dismissing Appellant's petition. *See Wilson*, 824 A.2d at 833.

Order affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017

- 6 -